UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-86-TBR

TERRANCE L. LANDERS                                                          PLAINTIFF

v.

JEFF JOHNSON                                                                 DEFENDANT

## Memorandum Opinion

This matter is before the Court upon a motion by Defendant, Jeff Johnson, to dismiss. (DN 26). Plaintiff, Terrance L. Landers, has not filed a response and the time to do so has passed. Fully briefed, Defendant's motion is ripe for review and for the following reasons is **GRANTED.**

Plaintiff filed this action on June 4, 2018. (DN 1). On June 29, 2018, this Court ordered the discovery deadline to be October 18, 2018. (DN 7). Defendant sent his first set of interrogatories and requests for production of documents to Plaintiff on August 10, 2018. *See* (DN 26). On October 26, 2018, this Court granted Plaintiff an extension of time to respond to Defendant's discovery requests. (DN 17). The Court ordered Plaintiff to provide answers and produce documents in response to Defendant's interrogatories and request for production of documents within thirty days of the order. *Id.* These thirty days passed without a response.

On March 11, 2019, Defendant filed a motion to dismiss or in the alternative for an extension of deadlines. (DN 18). The Court granted the motion for an extension and extended the discovery deadline to March 11, 2019 to provide Plaintiff more time to respond to Defendant's discovery requests. (DN 19). The Court ordered that "Plaintiff shall provide answers and produce documents and/or any objections in response to Defendant's First Set of Interrogatories and Request for Production of Documents by **March 11, 2019. Plaintiff is WARNED that failure to comply with this order MAY RESULT IN A DISMISSAL OF THIS CASE.**" (DN 19)

(emphasis in original). Plaintiff did not provide the requested answers or documents by March 11, 2019.

On April 12, 2019, the Court held a telephonic conference. Plaintiff did not attend the telephonic conference. (DN 22). Therefore, the Court set a show cause telephonic hearing for May 9, 2019. *Id.* Plaintiff did not attend the show cause hearing but later contacted the Court to explain that he had moved to a new address and had missed the hearing because of his work schedule. (DN 23). The Court rescheduled the show cause hearing for May 17, 2019. *Id.* Plaintiff attended the May 17 hearing and the Court scheduled another telephonic conference for June 12, 2019. (DN 24).

Defendant states that "During the teleconference on June 12, 2019, the Court ordered Plaintiff to provide answers and produce documents in response to Defendant's First Set of Interrogatories and Request for Production within thirty (30) days of the date of the teleconference . . . however, as of [July 26, 2019], Plaintiff has failed to provide either." (DN 26). Regardless, Plaintiff has chosen not to respond to Defendant's motion and therefore has waived opposition to these claims. Defendant argues that

> [d]espite the Court granting Plaintiff multiple extensions, he has failed to respond or cooperate in discovery in any capacity. As a result, Defendant has been prejudiced in his ability to conduct discovery and therefore, to defend this case. Plaintiff was warned that his failure to comply with the order or any subsequent order of the Court may result in a dismissal of the case. As a result, Plaintiff's complaint should be dismissed due to his non-compliance and failure to cooperate in discovery.

*Id.* at 2. The Court agrees.

The Court has warned Plaintiff, on more than one occasion, that his failure to comply with Court orders could result in the dismissal of his case. On June 29, 2018, for example, the Court ordered that "Plaintiff is **WARNED** that . . . his failure to comply with this or any subsequent

order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**." (DN 7 at 3) (emphasis in original). Despite the Court's efforts to instruct, warn, and order Plaintiff to respond to Defendant's discovery requests, he has failed to comply for approximately a year.

Upon filing this action, Plaintiff assumed the responsibility to actively litigate his claims. Under Federal Rule of Civil Procedure 41(b), a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts do afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).

Upon review, the Court finds that Plaintiff's repeated failures to participate in this litigation and his failure to comply with the Court's orders warrant dismissal under Federal Rule of Civil Procedure 41(b). Therefore, by separate Order, the court will dismiss the instant action.

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 27, 2019

CC: Terrance Lee Landers, *Pro Se*
7893 Covernook Avenue
Apartment 2906
Mount Healthy, OH 45231
512-832-9040
CC: Counsel of Record